(Reap. Dec. 9126)

D. P. BUSHNELL & COMPANY ET AL. *v.* UNITED STATES

Entry No. 2756, etc.

(Decided April 15, 1958)

*Stein & Shostak* for the plaintiffs.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the Appeals for Reappraisement enumerated in the attached Schedule "A", that, at the time of exportation to the United States, the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for export to the United States including costs of containers and covering of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was the appraised value less additions made to meet the advances by the Appraiser in similar cases covering the non-dutiable so-called (F. O. B.) charges for inland freight, insurance premium, storage, hauling and lighterage added by the importer on entry.

IT IS FURTHER STIPULATED AND AGREED that the unit prices of said binoculars and cases are as shown in the attached Schedule "A" in United States currency, less the deductions from said unit price as invoiced, net packed.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign value for merchandise such or similar to the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the Appeals for Reappraisement, enumerated herein, may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is export value, as defined in section 402 (d) of the Tariff Act of 1930, and I hold that such statutory value is the appraised value, less additions made to meet the advances by the appraiser in similar cases covering the nondutiable charges for inland freight, insurance premium, storage, hauling, and lighterage, added by the importer on entry, and that the unit export value for each of the binoculars and cases in question is as set forth in said schedule "A," less the deductions from the unit price, as invoiced, net packed.

Judgment will be rendered accordingly.